UNITED STATES, Appellee

v

JAMES MORGAN, Seaman Recruit, U. S. Naval
Reserve, Appellant

14 USCMA 364, 34 CMR 144

No. 17,200

January 17, 1964

*Lieutenant Colonel John R. DeBarr*, USMC, was on the brief for Appellant, Accused.

*Major Daniel F. McConnell*, USMC, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Among other offenses, accused pleaded not guilty to an allegation that he stole an undershirt and a separate count of stealing a pea coat, both offenses being in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. With respect to the latter, however, he pleaded guilty to wrongfully appropriating the coat. Before us, he stands convicted—concerning these two counts—only of wrongful appropriation. The findings of guilty regarding the first must be set aside.

The accused testified concerning his possession of the undershirt and declared he was unaware it was in his locker, stating that it apparently had been returned with his clean laundry. Without amplification, the president instructed the court members a withholding " 'may arise either as a result of a failure to return, account for or deliver property to its owner when a return, accounting, or delivery is due or as a result of devoting property to a use not authorized by its owner, and this is so even though the owner had made no demand for the property and even though initially the property had come lawfully into the hands of the person thus withholding it.' " In addition, he advised the court regarding the "presumption" arising from the possession of recently stolen property. Under the circumstances of this case, the instructions were prejudicially erroneous. United States v Troutt, 8 USCMA 436, 24 CMR 246; United States v Roberson, 12 USCMA 719, 31 CMR 305.

As to the pea coat, we have carefully examined accused's testimony and conclude that his plea of guilty was providently entered. Cf. United States v Thomas, 14 USCMA 223, 34 CMR 3. As the findings before us accord with that plea, no error exists with respect thereto.

The findings of guilty of specification 1 of Charge III and the sentence are set aside. The record of trial is returned to The Judge Advocate General of the Navy. The board of review may reassess the sentence on the basis of the remaining findings of guilty or direct a rehearing on the specification and the penalty.